[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 11, 2011
JOHN LEY
CLERK

No. 10-12617
Non-Argument Calendar

————————————————

D.C. Docket No. 8:07-cr-00529-EAK-TBM-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN ANDRES SINISTERRA,

Defendant-Appellant.

————————————————

Appeal from the United States District Court for the
Middle District of Florida

————————————————

(February 11, 2011)

Before MARCUS, MARTIN, and KRAVITCH, Circuit Judges.

PER CURIAM:

Juan Andres Sinisterra appeals his 135-month total sentence, imposed after

he pled guilty to conspiracy to possess with intent to distribute five kilograms or

more of cocaine and possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. Sinisterra challenges the procedural and substantive reasonableness of his sentence. After thorough review, we affirm.

I.

Sinisterra challenges the reasonableness of his sentence. "We review sentencing decisions only for abuse of discretion, and we use a two-step process." United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009). First, we "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Id. (quoting Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007)). If we conclude that no procedural error occurred, "the second step is to review the sentence's 'substantive reasonableness' under the totality of the circumstances, including 'the extent of any variance from the Guidelines range.'" Id. (quoting Gall, 552 U.S. at 51, 128 S. Ct. at 597). "If the district court's sentence is within the guidelines range, we expect that the sentence is reasonable." United States v.

Alfaro-Moncada, 607 F.3d 720, 735 (11th Cir. 2010); see also United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008) ("Although we do not automatically presume a sentence within the guidelines range is reasonable, we 'ordinarily . . . expect a sentence within the Guidelines range to be reasonable.'" (quoting United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005)).

As for procedural error, Sinisterra contends that the district court failed to adequately consider the § 3553(a) factors. His argument lacks merit. In imposing its sentence, the district court stated that it had considered "the advisory sentencing guidelines and all of the factors identified in Title 18 United States Code Section 3353(a)(1) through (7)." The court's acknowledgment that it had considered the § 3553(a) factors "alone is sufficient in post-Booker sentences." United States v. Scott, 426 F.3d 1324, 1330 (11th Cir. 2005). No procedural error occurred.

Sinisterra also challenges the substantive reasonableness of his 135-month sentence, which was at the lowest end of his advisory guidelines range of 135 to 168 months imprisonment. He contends that his sentence is unreasonable because his involvement in the drug smuggling scheme was limited. Sinisterra actively participated in the scheme to smuggle drugs into the United States. We cannot say

that his sentence, which was at the lowest end of his advisory guidelines range, is unreasonable.  See Hunt, 526 F.3d at 746.

AFFIRMED.